```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION at PIKEVILLE

PHILLIP MARTIN, JR.,          )
                              )
     Plaintiff,               )   Civil Action No. 7:07-71-JMH
                              )
v.                            )
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF SOCIAL        )   MEMORANDUM OPINION AND ORDER
SECURITY,                     )
                              )
     Defendant.               )
                              )
```

        **       **       **       **       **

This action seeks judicial review of a final decision of the Commissioner of Social Security denying Phillip Martin, Jr.'s application for Disability Insurance Benefits. Jurisdiction exists pursuant to 42 U.S.C. § 405(g). This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 15 and 17.].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

1

**I.      OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2.  An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3.  If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)," then he is disabled regardless of other factors.

4.  If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then his is not disabled.

5.  If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden

2

of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id*. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to Secretary." *Id*.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Martin filed an application for Disability Insurance Benefits and Supplemental Security Income on August 8, 2004, receiving a protective filing date of July 30, 2004. [Administrative Record (hereinafter, "AR") at 46.] Administrative Law Judge (hereinafter, "ALJ") Andrew J. Chwalibog held a hearing on Plaintiff's application on May 24, 2006. [AR at 13.] Plaintiff was forty years old at the time of the July 2006 hearing decision. [AR at 18.] He has a high school education and past work experience as a mill maintenance worker. [AR at 58, 104, 392, 395-96]. Plaintiff reported that he stopped working after a thirty-nine month labor lockout when he was not rehired due to a 2003 electrocution injury. [AR 393-94.] He took a cash buyout and retired. [AR 394.] Plaintiff alleges a disability onset of May 14, 2004, due to back pain, nerve problems/damage, depression, nervousness, anxiety, difficulty sleeping, foot pain, hearing loss, and weight loss. [AR 56, 393.]

The evidence of record includes reports of several injuries and treatment therefor, including electrocution, a fall from a riding lawnmower, a cut on his hand, and a left index finger

3

fracture. [AR at 201-17, 260, 272-311, 352, 354-68.] Additionally, from 2003 to 2005, Plaintiff reported, was diagnosed with, and/or received treatment for tachycardia, benign hypertension, headaches, foot neuropathy, neck pain, cellulitis of the thigh, and wound infection. [AR 179, 180-89, 192, 196, 201, 218-63, 265.] During that time frame, CT scans and x-rays of his head revealed no abnormalities other than a possible polyp or mucous retention cyst in his left maxillary sinus and concha bullosa[2] in the right. [AR at 191-92, 196, 204, 208, 211, 245, 248, 261, 263-64.] X-rays and CT scans taken during this time showed grade one, mild retrolisthesis of the cervical spine, evidence of osteoarthritis, and no leg, neck, back, or pelvis injuries. [AR at 178, 180, 183, 205-06, 208, 210-16, 264.]

During an October 2004 examination, Dr. Joseph Koeningsmark, an agency consulting physician, diagnosed possible arthritic changes in the knees, hips, low back, and hands, early chronic obstructive pulmonary disease, residual headache or nerve changes in the hands due to his post-electrical shock status, and probable depression. [AR 156-60.] He assessed no physiological findings that would cause Plaintiff any impairment in his ability to lift, carry, or move heavy objects. [AR at 159.] Reviewing state agency physician R. K. Brown, M.D., also assessed Plaintiff as having no

---

[2] "[A] cystic distention of the middle nasal concha, sometimes seen in chronic rhinitis." *Dorland's Illustrated Medical Dictionary* 365 (28th ed. 1994).

4

severe physical impairments. [AR 161-62.]

In a consultative examination with Dr. Wayne R. Edwards on September 11, 2004, Plaintiff was diagnosed with nicotine dependency, mood disorder, not otherwise specified, and alcohol, cannabis, and benzodiazepine dependency, then in remission.[3] [AR 139.] Dr. Edwards assessed that Plaintiff was able to perform simple tasks, respond to simple questions, ask for assistance, had an appropriate ability to perform simple two-step instructions, could work without supervision, and adapt to changes. [AR at 139-40.] Two reviewing psychiatrists, Drs. Edward Ross and Laura Cutler, assessed that Plaintiff did not have a severe mental impairment. [AR at 141-55, 163-77.]

The record also reflects that Plaintiff was voluntarily admitted to the "dual unit" for mental health treatment in late April 2006, due in part to suicidal ideation. [AR 336, 346-49.] During his course at the hospital, he reported drinking a fifth of liquor daily, with increased consumption over the three previous years, since his wife had left him and he had lost his job, and abusing benzodiazepine (Valium) and opiate (Lorcet) medication. [AR 318, 325, 329, 346, 348.] During his treatment, he was diagnosed by Dr. Henry Beshay with alcohol abuse and substance-induced mood disorder. [AR 338, 347, 349.] Plaintiff reported no

---

[3] During his September 11, 2004, consultation with Dr. Edwards, he reported that he "last drank alcohol in 2004 with his last DUI . . . and last used marijuana in 2002." [AR at 136.]

5

physical complaints, and Dr. James Chaney found him to have a normal examination with the exception of back pain. [AR 319 and 348.] Plaintiff was discharged after a week in improved condition and with a Global Assessment of Functioning of 60. [AR at 349.]

On July 26, 2006, the ALJ made the following findings of fact in determining that Plaintiff was not entitled to disability benefits:

 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

 2. The claimant has not engaged in substantial gainful activity since May 14, 2004, the alleged onset date (20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

 3. The claimant has the following medically determinable impairments: polysubstance abuse and a substance induced mood disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

 4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 C.F.R. §§ 404.1521 and 416.921).

 5. The claimant has not been under a "disability," as defined in the Social Security Act, from May 14, 2004 through the date of this decision (20 C.F.R. §§ 404.1420(c) and 416.920(c)).

[AR at 15-18.] The ALJ further stated:

6


> The claimant has sought treatment for his anxiety; however, he was subsequently diagnosed with a substance induced mood disorder. While hospitalized, the claimant showed gradual improvement in his mood and symptoms to the point he was sleeping and eating well and denied any depressive symptoms prior to discharge. The record shows the claimant experiences only mild symptoms when drug and alcohol use is absent. The claimant does not have a severe impairment absent drug and alcohol use.

[AR at 17-18.]

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. §405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

42 U.S.C. § 423(d)(2)(C) provides that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Plaintiff argues that the ALJ erred in determining that he was not disabled because the ALJ failed to make a threshold determination that Plaintiff was disabled before considering the contributing factor of alcoholism or drug addiction and, thus, failed to follow the procedure for evaluation of drug addiction set forth in 20 C.F.R. § 404.1535.

§ 404.1535 provides as follows:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
>> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>>
>> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then

>>determine whether any or all of your remaining limitations would be disabling.
>>
>>>(I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>>>
>>>(ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 404.1535.

"To find that drug addiction is a contributing factor material to the determination of disability without first finding the claimant disabled . . . is to put the cart before the horse[.]" *Williams v. Barnhart*, 338 F. Supp.2d 849, 862-3 (M.D. Tenn. 2004), citing *Drapeau v. Massanari*, 225 F.3d 1211, 1214-5 (10th Cir. 2001) (holding that "the implementing regulations make clear that a finding of disability is a condition precedent to an application of §423(d)(2)(C)" and that the "Commissioner must first make a determination that the claimant is disabled" before determining whether the claimant would still be found disabled if he or she stopped abusing drugs"). In this case, however, the Court is not persuaded that there is a question of horses and carts but rather of the tail wagging the dog.

9

The ALJ clearly found that Plaintiff had a severe mental impairment solely due to substance induced mood disorder, which resulted in only mild symptoms when drug and alcohol use abated. [AR at 18 ("The claimant does not have a severe mental impairment absent drug and alcohol use.").] Even though the ALJ then concluded that the claimant did not have a severe mental impairment, rather than a disability which was mitigated by drug and alcohol use, and preemptively abandoned the five-step sequential analysis, the Court is not persuaded that the ALJ conclusorily determined that Plaintiff was not disabled. Rather, the ALJ recognized that Plaintiff's alcohol and drug use were not only a material contributing factor to a determination of Plaintiff's disability, they were *the* material contributing factor because the claimant "does not have a severe mental impairment absent drug and alcohol use."

Where "remand would be an idle and useless formality," courts are not required to "convert judicial review of an agency action into a ping-pong game." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969). To the extent that the failure of the ALJ to cite to 20 C.F.R. § 404.1535 "reflect[s a] misunderstanding of the procedure to be followed in analyzing the impact of plaintiff's drug addiction," the Court admonishes the ALJ to be more careful in his analysis in the future. *Williams*, 338 F. Supp.2d at 863. That said, it would be an "idle and useless formality" to remand this

matter for further proceedings, because substantial evidence of record supports the ALJ's ultimate conclusion that Plaintiff is not disabled. The ALJ found that Plaintiff suffered from a severe mental impairment, which Plaintiff does not contest. [AR at 18.] Assuming that such a mental impairment was either "listed in appendix 1 or is equal to a listed impairment(s)," such that Plaintiff would be considered "disabled" under 20 C.F.R. § 404.1520, there is medical evidence of record of his drug addiction or alcoholism which must then be considered. The drug addiction and alcoholism diagnosed by Dr. Beshay is a contributing factor material to the determination of disability for Plaintiff Martin because substantial evidence supports a finding that his current limitations (upon which a finding of disability is assumed to be predicated) would no longer remain if he stopped using drugs or alcohol. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535. As noted by the ALJ, based on record evidence, "[w]hen hospitalized, the claimant showed gradual improvement in his mood and symptoms to the point that he was sleeping and eating well and denied any depressive symptoms prior to discharge." [AR at 17; *see* AR at 318-50.] It follows that Plaintiff cannot be considered disabled because alcoholism and drug addiction are contributing factors material to the determination that the individual suffers from severe limitations and is or is not, thus, disabled. 42 U.S.C. §

11

423(d)(2)(C). The decision of the Commissioner will be affirmed.

**V. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1) That the Commissioner's motion for summary judgment [Record No. 17] shall be, and the same hereby is, **GRANTED**.

(2) That Plaintiff's motion for summary judgment [Record No. 15] shall be, and the same hereby is, **DENIED**.

This the 11th day of February, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

12